**UNITED STATES of America**
**v.**
**James A. NOLL, t/d/b/a J. A.**
**Noll Company.**
**Civ. A. No. 73–1037.**

United States District Court,
W. D. Pennsylvania.
July 9, 1974.

**204**

Alexander L. McNaugher, Asst. U. S. Atty., Pittsburgh, Pa., for the United States.

J. A. Noll, pro se.

## OPINION

GOURLEY, Senior District Judge:

This proceeding has been timely filed by plaintiff to recover damages resulting from defendant's alleged breach of contract to manufacture and supply a diffraction pattern measuring device to the United States Geological Survey. Jurisdiction exists pursuant to 28 U.S.C.A. § 1345. The Court has afforded the parties a full and complete trial.

The facts may be briefly stated. Plaintiff and defendant entered into a binding contract in March, 1970, whereby defendant agreed to manufacture and deliver a diffraction pattern measuring device, hereinafter called "device," for the plaintiff for the sum of $1,725, according to plans and specifications attached to and made part of said contract. The contract called for the delivery of the device to plaintiff on or about May 10, 1970. The device which was delivered to the plaintiff on June 15, 1970, was over 30 days late, and did not conform to the plans and specifications. Plaintiff notified defendant that the device was unsatisfactory on July 16, 1970, because it did not conform to the plans and specifications in the contract. In addition, defendant was further advised to deliver a corrected device within thirty (30) days of July 20, 1970.

However, defendant never delivered a device conforming to plans and specifications of the contract. As a result of this failure, defendant was notified on September 11, 1970, that his device was faulty and that plaintiff intended to purchase the device from another source, as provided for in the contract. The Court finds that the defendant was also advised on September 11, 1970, that he had a right to appeal the decision to secure an instrument elsewhere and that he could take an appeal within thirty (30) days in the form of a letter addressed to the Secretary of the Interior and mailed or forwarded to the contracting officer of the plaintiff. In spite of such notice, no appeal was ever addressed the Secretary of the Interior. Therefore, pursuant to the terms of the contract, plaintiff purchased the device from another source for the sum of $2,450, which was $725 in excess of the contract price with the defendant.

A demand was made upon the defendant for $725, representing the difference between the contract price of $1,725 and $2,450, the amount the plaintiff paid for the device from another source. The Court must also conclude that any claim for extras or counter-claim filed by the defendant is not covered by the contract between the plaintiff and the defendant.

In view of the foregoing, the conclusion is inescapable that the defendant breached the contract by failing to manufacture and deliver a device conforming to the contract and failing to deliver the same within the time limits of the contract, as extended in his behalf.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate Order is entered.

## ORDER

And now, this 9th day of July, 1974, judgment along with costs is hereby entered in favor of plaintiff, United States of America, and against defendant, James A. Noll, t/d/b/a J. A. Noll Company, in the amount of $725.00.